JAMES BENSON *vs.* S. M. J. BENSON, use, &c.

The instructions given in this case only submitted the return on the *fieri facias* to the jury; it should have received a legal construction from the court, if they required any.

The return on the attachment was insufficient to rebut the case made out by the other party.

Showing the attachment was levied upon property, and no disposition of it explained, was evidence to create a presumption that the debt had been satisfied.

The return on the *fieri facias* did not tend to show any disposition of the property taken under the attachment, or create any presumption that it had been replevied.

This, at most, could only be received as secondary evidence, for the law has appointed a mode in which property is to be replevied, and that evidence which could have been the result of this mode, was the best which the nature of the case admits. *Held*, there was error in the judgment of the court below.

IN error from the circuit court of Pontotoc county; Hon. Hugh R. Miller, judge.

At the October term, 1849, of the circuit court of Pontotoc county, S. M. J. Benson, for the use aforesaid, declared against James Benson, upon a bond or sealed note executed by defendant to plaintiff or order, for eight hundred dollars, dated July 27th, 1841, and due one day after date.

At the same term the defendant filed three pleas in short, by consent, namely: "1st, payment; 2d, former recovery; and 3d, accord and satisfaction." Upon all of which the plaintiff took "issues in short."

At the October term, 1851, a trial was had upon the issues joined, which resulted in a verdict, and judgment for plaintiff for the sum of $800, and damages, $198.78.

The court charged the jury, "that the levy of the attachment upon goods and chattels of defendant, and the levy not appearing to be disposed of in any way, is in law a *primâ facie* satisfaction of the debt for which the attachment was issued;" with this qualification, "that the sheriff's return of *nulla bona*, upon the *sci. fa.* emanating upon the judgment in the attachment suit, &c., is competent evidence for the jury in that behalf." The

53*

defendant prayed a writ of error from the judgment of the court.

*Goodwin & Sale* and *G. R. Freeman*, for plaintiff in error.

The issue in short taken upon the plea of " former recovery," was equivalent to a replication of *nul tiel record;* and that issue draws nothing into controversy except the existence of the record. 6 Ham. (Ohio) R. 43. There having been a judgment rendered in another State, in favor of the same plaintiff against the same defendant, if it was intended to question the validity of the judgment for any cause, it should have been done by a special replication of the fact relied on to invalidate it. The exemplification of a judgment in another State being in due form, the record and judgment are to be presumed to have been agreeable to the laws and usual course of proceedings in that State. *Coleman* v. *Guardian,* 2 Bay, 485. And under the first section of the fourth article of the Constitution of the United States, the judgment is entitled to the same consideration here as in the State where rendered. *Wernwag* v. *Pawling,* 5 Gill & Johns. 500; *Hampton* v. *McConnell,* 3 Wheat. 234; *Green* v. *Sarmiento,* Peters' C. C. R. 74; *Adams* v. *Rowe,* 2 Fairf. 89; *Kimmel* v. *Schultz,* Breese, 128; *Rust* v. *Frothingham,* Ib. 258; *Benton* v. *Burgot,* 10 Serg. & Rawl. 240; *Waddam* v. *Burnham,* 1 Tyler, 233; *Weyer* v. *Lane,* 3 Hamm. (Ohio) R. 305; *Mills* v. *Duryee,* 7 Cranch, 481; *Hollingworth* v. *Barber,* 4 Peters, 474. See also the note at the end of the case of *Chew* v. *Randolph,* Walker's R. 6.

The cases just cited show the prevailing doctrine where the foreign judgment is sought to be enforced by suit in favor of the plaintiff therein. But when such judgment is introduced by defendant, in bar of a second suit upon the same cause of action, it is clear upon principle, and is well settled, both in England and America, that the defence furnished by it is conclusive. See the opinion of Chief Justice Eyre in *Philips.* v. *Hunter,* 2 H. Black. R. 410; 2 Kent's Comm. 3d ed. 119–121, and cases cited in note (a). The sheriff's return of *nulla bona* upon the execution issued on the judgment, could not be competent evidence to set aside the satisfaction operated by the

levy of the attachment on property, and that levy not appearing to have been discharged or disposed of in any way.

The return of *nulla bona* alone on the *fi. fa.*, was not even competent testimony to be considered by the jury to rebut the presumption of satisfaction arising from the levy of the attachment, however pertinent it might be in connection with explanatory facts showing how the levy had been disposed of.

*C. E. Hooker*, for appellee.

In the case of Ohio, cited by counsel for plaintiff in error, and in *Holt* v. *Alloway*, Blackf. R. 108, it was held that the judgment of another State, when regularly obtained, if the defendant had been served with process, or had otherwise appeared, was conclusive evidence of the debt. " But the defendant must have had due notice to appear, and be subject to the jurisdiction of the court; or, if a foreigner or non-resident, he must have actually appeared to the suit, or the judgment of another State will not be deemed of any validity." This is a plain principle of justice, which pervades the jurisprudence of this and all other countries. 1 Kent's Comm. 261; *Kilburn* v. *Woodworth*, 8 Johns. 37, and other cases cited in note (c) to Kent. If the suit in another State was commenced by attachment, the defendant may plead in bar that no process was served on him, and that he never appeared, either in person or by attorney. 1 Kent's Comm. 262, note (c), and authorities there cited; *Cockran* v. *Fitch*, 1 Sandf. Ch. R. 142. The process of attachment of the goods of a foreign debtor is the same in Alabama as in New York, and merely binds the property levied on, and is no bar to a suit against the person in another jurisdiction, or against other property. Story, Conf. of Laws, 458, 463. *Overstreet* v. *Shannon*, 1 Missouri, R. 529. In *Mayhew* v. *Thatcher*, 1 Kent, 261, the court would seem to imply that a judgment in one State, founded on an attachment *in rem*, would not be conclusive evidence of the debt in other States, if the defendant had not personal notice of the suit, so as to have enabled him to defend it. Whatever objection the defendant might make to enforcing the judgment, may be made by plaintiff to show that there has been no effectual recovery. As to effect of foreign

judgments, see 2 Kent's Comm. 119, and notes. As to attachment laws of Alabama, Aiken's Dig., 2d ed., 37, 40.

As to the second assignment of error, the court had the power to make the modification asked by plaintiff to defendant's instruction; and manifest injustice would have been done plaintiff, if the former position, that a judgment *in rem* by foreign attachment, is no bar to a suit in another jurisdiction against the person; and it was but authorizing the jury to consider a portion of the evidence which the defendant himself had introduced for their consideration, and was proper to show that there had been no absolute recovery of the money sued for.

As to the third assignment, the court did properly refuse the motion for a new trial. The finding of the jury was certainly not against the weight of testimony; and when that is the case, this court has decided it will not disturb the verdict. *Hill* v. *Calvin*, 4 How. R. 231; *Perry* v. *Clark*, 5 Ib. 495; *Jenkins* v. *Whitehead*, 1 S. & M. 157; *Leflore* v. *Justice*, Ib. 381; *Ellry* v. *Sloan*, 5 Ib. 21.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of debt, founded upon the writing obligatory of the defendant in the court below to the plaintiff. The pleas were payment, former recovery, and accord and satisfaction; upon all of which issues were joined.

The defendant below introduced, as part of his evidence, a transcript of a judgment recovered upon the writing obligatory on the 13th day of May, 1846, in the circuit court of Morgan county, and State of Alabama, upon proceedings commenced by attachment against the estate of the defendant, on the ground that he was a non-resident of said State. The writ appears to have been levied upon certain slaves of the defendant; and nothing appears in the record, showing a disposition of the levy, or an appearance by the defendant. The judgment appears to have been a general one, in the usual form, against the defendant, and a writ of *fieri facias* appears to have been issued thereon, and returned by the sheriff of Morgan county, *nulla bona.*

The court, at the instance of the defendant below, gave the

following instruction: "That the levy of an attachment upon goods and chattels of defendant, and the levy not appearing to be disposed of in any way, is in law a *primâ facie* satisfaction of the debt for which the attachment issued," &c.   At the instance of opposing counsel, the court thus qualified this instruction: "that the sheriff's return of *nulla bona* upon the *fi. fa.* emanating upon the judgment in the attachment suit, &c., is competent evidence for the jury to consider in that behalf."

If the judgment in Alabama is to be treated as a general judgment, as its language and form clearly indicate, against the defendant, then it sustains the plea of former recovery, and the judgment in the court below should have been for the defendant.   If, on the other hand, it is only to be treated as a judgment *in rem* against the property levied on by virtue of the attachment, then it must be regarded, till the contrary is shown by the other side, as satisfied by the levy and judgment condemning the property.   In the present controversy, therefore, it is wholly immaterial in which light the judgment in Alabama shall be viewed.   In the one case it clearly establishes that the plaintiff had no right to prosecute an action on the writing obligatory; and in the other, if the right to prosecute the action ever existed, the proof established a *primâ facie* satisfaction of the debt.

The verdict and judgment were, therefore, clearly wrong, and should have been set aside on the motion for new trial.

The qualification to the instruction only submitted the return on the *fieri facias* to the jury.   This was written evidence, and should have received a legal construction, if it required any from the court.   The return, however, was wholly insufficient to rebut the case made out by the defendant below.   He showed an attachment levied upon his slaves to satisfy the same debt, and the record showed no disposition of the levy.   This proof was sufficient to create a presumption that the debt was satisfied, and the plaintiff found it important to introduce evidence to rebut the presumption, which he could only do by showing a disposition according to law of the property levied on by the attachment, as it was from the levy thus made that the presumption of satisfaction arose; and the opposing proof should

have been directed to the fact creating the presumption. Did the return on the *fi. fa.* tend to show a disposition of the property taken under the attachment, or create any presumption whatever that it had been replevied? Certainly not. It could not, under any view, be ranked higher than secondary evidence, as the law had appointed a mode in which the property had to be replevied, and the evidence, which would have been the result of this mode of proceeding, was the best which the nature of the case admitted, and should have been produced, or its absence accounted for.

Judgment reversed, new trial granted, and cause remanded.